124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saundra M. BOWMAN, Plaintiff-Appellant,
v.
John J. CALLAHAN,** Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 96-35740.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1997.
Sept. 23, 1997.
 
 Appeal from the United States District Court for the District of Oregon James A. Redden, District Judge, Presiding.
 Before: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Saundra M. Bowman appeals the district court order upholding the Commissioner of Social Security's denial of disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that because the onset date of Bowman's slowly progressive impairment was uncertain, the district court erred in failing to obtain the assistance of a medical advisor.[1] Accordingly, the district court's order is reversed.
 
 
 3
 Bowman obtained a working diagnosis of multiple sclerosis, a slowly progressive impairment, in 1985. That diagnosis was confirmed in 1988. Bowman alleges disability as of 1979 due to the illness and its attending complications. She complained of and was treated for symptoms consistent with the disease prior to the expiration of her insured status in 1981. Her treating physician opined that Bowman would have been unable to work since leaving employment in 1979.
 
 
 4
 Because no clear medical evidence exists in the record establishing the onset date of Bowman's disability, Social Security Ruling 83-20 requires the ALJ to seek the assistance of a medical advisor in determining the matter. See Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th Cir.1991) (per curiam) (holding that when medical evidence concerning the onset date is ambiguous, the ALJ must seek the assistance of a medical advisor); DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir.1991) (stating that when "the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor").
 
 
 5
 The order of the district court is REVERSED, and the case is REMANDED to the district court with instructions to remand to the Commissioner for determination of the onset date of Bowman's disability with the assistance of a medical expert.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 **
 John J. Callahan has been substituted for his predecessor in office, Shirley S. Chater, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we have determined that the ALJ erred in failing to seek the assistance of a medical advisor, we do not reach Bowman's other arguments